

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24121387**
**Date Processed: 11/29/2021**

**Primary Contact:** Matt Fichter
National Interstate Corporation
3250 Interstate Dr
Richfield, OH 44286-9000

**Electronic copy provided to:**  Kathy Juhasz

| | |
|---|---|
| **Entity:** | Vanliner Insurance Company<br>Entity ID Number  0116043 |
| **Entity Served:** | Vanliner Insurance Company |
| **Title of Action:** | Kim Marie Lebard-Rankila vs. Travis Edward Baker |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Douglas County Circuit Court, WI |
| **Case/Reference No:** | 2021CV000246 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 11/24/2021 |
| **Answer or Appearance Due:** | 45 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Marcovich, Cochrane, Milliken, Swanson, & Kropid, LLP<br>715-394-6624 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com



FILED
11-10-2021
Clerk of Court
Douglas County, WI
2021CV000246

| STATE OF WISCONSIN | CIRCUIT COURT | DOUGLAS |
|---|---|---|

Kirh Marie LeBard-Rankila et al vs. Travis Edward Baker et al

**Electronic Filing Notice**

Case No. 2021CV000246
Class Code: Personal Injury/Automobile

VANLINER INSURANCE COMPANY
1 PREMIER DRIVE
FENTON MO 63026

DANE COUNTY LEGAL NOTICE
SERVED BY: _Mike Fey_
ON __11/14/21__ / AT __13:10__ M

Case number 2021CV000246 was electronically filed with/converted by the Douglas County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 9f75ba**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-395-1203.

Douglas County Circuit Court
Date: November 10, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
11-10-2021
Clerk of Court
Douglas County, WI
2021CV000246

STATE OF WISCONSIN   CIRCUIT COURT   DOUGLAS COUNTY

**KIM MARIE LeBARD-RANKILA &**
**STEVEN RANKILA**
8219 East Berg Park Road
Poplar, Wisconsin 54864,

                  Plaintiffs

    vs.

**TRAVIS EDWARD BAKER**
39121 Twilight Road
Onamia, Minnesota 56359
    and
**LINN STAR TRANSFER**
**d/b/a MIDWEST ADVANTAGE**
**TRANSFER, INC.**
9440 Wright Bros. Ct. SW
Cedar Rapids, Iowa 52404
    and
**CDI DELIVERIES, LLC**
722 West College Drive, Apt. 306
Brainerd, Minnesota 56401
    and
**ABC COMPANY**
    and
**VANLINER INSURANCE COMPANY**
1 Premier Drive
St. Louis, Missouri 63026
    and
**XYZ INSURANCE COMPANY,**

              Defendants.

---

# SUMMONS

---

**TO:   EACH PERSON NAMED ABOVE AS A DEFENDANT:**

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other

legal action against you.  The Complaint, which is attached, states the nature and basis of the

legal action.

1

Within twenty (20) days of receiving this Summons (60 days if you are the United States, 45 days if you are the State of Wisconsin or an insurance company or if this is an action in tort), you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is. Douglas County Courthouse, 1313 Belknap Street, Superior, Wisconsin 54880 and to Dennis Cochrane, Plaintiffs' attorney, whose address is, Marcovich, Cochrane, Milliken, Swanson and Kropid, LLP, 1214 Belknap Street, Superior, Wisconsin 54880.

You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days (60 if you are the United States, 45 days if you are the State of Wisconsin or an insurance company), the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 10 day of November 2021.

MARCOVICH, COCHRANE, MILLIKEN, SWANSON
& KROPID, LLP.
Attorneys for the Plaintiffs

DENNIS COCHRANE -- WI State Bar #1011118
1214 Belknap Street
Superior, Wisconsin 54880
(715) 394-6624
denniscochrane@superiorlawyers.org

2

FILED
11-10-2021
Clerk of Court
Douglas County, WI
2021CV000246

STATE OF WISCONSIN   CIRCUIT COURT   DOUGLAS COUNTY

**KIM MARIE LeBARD-RANKILA &**
**STEVEN RANKILA**
8219 East Berg Park Road
Poplar, Wisconsin 54864,

      Plaintiffs

  vs.

**TRAVIS EDWARD BAKER**
39121 Twilight Road
Onamia, Minnesota 56359
  and
**LINN STAR TRANSFER**
**d/b/a MIDWEST ADVANTAGE**
**TRANSFER, INC.**
9440 Wright Bros. Ct. SW
Cedar Rapids, Iowa 52404
  and
**CDI DELIVERIES, LLC**
722 West College Drive, Apt. 306
Brainerd, Minnesota 56401
  and
**ABC COMPANY**
  and
**VANLINER INSURANCE COMPANY**
1 Premier Drive
St. Louis, Missouri 63026
  and
**XYZ INSURANCE COMPANY,**

      Defendants.

# COMPLAINT

NOW COMES the above-named Plaintiffs, Kim Marie LeBard-Rankila and Steven

Rankila, by their attorneys, Marcovich, Cochrane, Milliken, Swanson & Kropid, by Dennis

Cochrane, and for their Complaint respectfully allege and show to the Court as follows:

  1.  Plaintiff Kim Marie LeBard-Rankila is an adult citizen of the State of Wisconsin

who resides at 8219 East Berg Park Road, Poplar, Wisconsin 54864.

1

2.     Plaintiff Steven Rankila is an adult citizen of the State of Wisconsin who resides at 8219 East Berg Park Road, Poplar, Wisconsin 54864.  At all times material to this lawsuit Steven Rankila has been and still is the legal spouse of Plaintiff Kim Marie LeBard-Rankila.

3.     Defendant Travis Edward Baker is on information and belief an adult citizen of the State of Minnesota who resides at 39121 Twilight Road, Onamia, Minnesota 56359.

4.     Defendant Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. is on information and belief an Iowa Company whose home office is listed as Linn Star Transfer, 9440 Wright Bros. Ct. SW, Cedar Rapids, Iowa 52404 and Registered Agent is Dennis C. Munson, 9440 Wright Bros. Ct. SW, Cedar Rapids, Iowa 52404 and does substantial business in Douglas County, Wisconsin.

5.     That at all times material hereto the Defendant Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. was the dispatcher, the employer, and/or controlling the acts of Defendant Travis Edward Baker who was operating a truck owned by the Defendant LCDI Deliveries, LLC.

6.     That at all times material hereto, Defendant Travis Edward Baker was operating the truck involved in the subject collision described herein, and at the time of said collision, Defendant Travis Edward Baker was an agent and/or employee of the Defendant Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc.  That Defendant Travis Edward Baker was acting within the proper course and scope of his agency and/or employment on or about November 20, 2018, at the time of the subject collision described herein.

7.     Defendant Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. is liable for the acts of Defendant Travis Edward Baker at the time and location of the collision under the principles of respondeat superior, agency and vicarious liability.

2

8. CDI Deliveries, LLC is a foreign corporation located at 722 West College Drive, Apt. 306, Brainerd, Minnesota 56401 and is a trucking company engaged in operations in the State of Wisconsin, among others. That all times material hereto CDI Deliveries, LLC, its successors and assigns were the employer for Defendant Travis Edward Baker.

9. That at all times material hereto, Defendant Travis Edward Baker was operating a truck which was involved in the subject collision described herein, and at the time of said collision, Defendant Travis Edward Baker was an agent and/or employee of CDI Deliveries, LLC, its successor and assigns. That Defendant Travis Edward Baker was acting within the proper course and scope of his employment on or about November 20, 2018, at the time of the subject collision described herein.

10. CDI Deliveries, LLC and its successors and assigns are liable for the acts of Defendant Travis Edward Baker at the time and location of the collision under the principles of respondeat superior, agency, vicarious liability and successor liability.

11. Defendant ABC Company is an Unknown Defendant, named by this fictitious name pursuant to Wis. Stat. §807.12 because this Defendant's true name and identity is unknown to Plaintiff. On information and belief, Unknown Defendant ABC Company is a company that Defendant Travis Edward Baker may have been an employee or an agent at the time of the collision.

12. Plaintiff alleges on information and belief that there was in force at the time of said accident an insurance policy insuring the Defendant ABC Company issued by Defendant XYZ Insurance Company (hereinafter called "the insurer"), whereby the insurer insured and agreed to indemnify and save harmless the insured named in said policy and any person suffering injury on said premises of Defendant ABC Company against all liability and

3

damage suffered, or alleged to have been suffered, by reason of the negligent actions of Defendant ABC Company, their servants, agents and employees; that said policy contained a provision whereby the insurer reserved the right to defend any and all actions against the named insured, Defendant ABC Company and to control the handling, settling and adjustment of claims as the result of any such negligent actions. By reason of the policy, the insurer has an interest in this litigation adverse to the Plaintiff and is a proper party to these proceedings.

13.    That on or about November 20, 2018 at 10:07 a.m. at or near the intersection of East Fifth Street and 14th Avenue East in the City of Superior, Douglas County, Wisconsin, a motor vehicle collision occurred involving a vehicle operated by the Defendant Travis Edward Baker, which was owned by Defendant Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc., and a vehicle operated by the Plaintiff Kim Marie LeBard-Rankila.

14.    The collision was not caused by any negligent conduct of Plaintiff Kim Marie LeBard-Rankila, who was wearing her shoulder and lap belt.

15.    That the collision was caused by Defendant Travis Edward Baker's negligent operation of his vehicle in failing to yield the right of way and making a left turn from East 5th Street onto 14th Avenue East across the path of the vehicle of Plaintiff Kim Marie LeBard-Rankila. That further the Defendant Travis Edward Baker was driving inattentively, failed to maintain a proper lookout and to manage and control his vehicle and decrease his speed and stop for the Rankila vehicle. That Defendant Travis Edward Baker was cited by the investigating police officer for failure to yield right of way while making left turn.

16.    As a direct result of said collision Plaintiff Kim Marie LeBard-Rankila suffered severe personal injuries, among other things, to her neck and both right and left

4

shoulders. Further the injuries have caused Plaintiff Kim Marie LeBard-Rankila temporary and permanent pain and suffering, physical limitations and restrictions, disability, past and future medical expenses and loss of past and future earning capacity all to her damage in an amount to be established by the evidence at trial.

17.    Plaintiff Steven Rankila, husband of Plaintiff Kim Marie LeBard-Rankila, has necessarily incurred medical and hospital expenses, by reason of said incident, and has lost the services, society, companionship and consortium of Plaintiff Kim Marie LeBard-Rankila to his damage, in an amount to be determined by the evidence.

18.    Plaintiffs Kim Marie LeBard-Rankila and Steven Rankila, allege on information and belief that there was in force at the time of said accident an insurance policy on the vehicle then and there operated by Defendant Travis Edward Baker issued by Defendant Vanliner Insurance Company (hereinafter referred to as "insurer") to the owner of the vehicle, whereby the insurer insured and agreed to indemnify and save harmless the insured named in said policy and any person operating said vehicle with the permission of the named insured, against all liability and damages suffered or alleged to have been suffered by any third person by reason of the negligent operation of said vehicle; that said policy contained a provision whereby insurer reserved the right to defend any and all actions against the named insured, and to control the handling, settling and adjustment of claims as the result of any such negligent operation; that said vehicle at the time of said accident was being operated with the permission of the named insured. By reason of said policy, the insurer has an interest in this litigation adverse to the Plaintiff and is a proper party to these proceedings.

19.    Defendants CDI, Deliveries, LLC, its successors and assigns, ABC Company, Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. and its drivers like Defendant

5

Travis Edward Baker have a heightened duty of care when operating a commercial motor

vehicle.

> Federal regulation.....dictate that those operating commercial
> motor vehicles must generally carry a commercial driver's
> license. Federal regulations also specify the knowledge and
> skills drivers must possess in order to obtain such licensure...
> First, 49 C.F. R. §383.110 provides that to ensure safety,
> commercial motor vehicle drivers are required to have the
> baseline level of knowledge and skill set forth in subsequent
> provisions. It states as follows:
>
> All drivers of [commercial motor vehicles] must have the
> knowledge and skill necessary to operate a [commercial motor
> vehicle] safely as contained in this subpart. The specific types
> of items that a State must include in the knowledge and skills
> test that it administers to [commercial driver's license]
> applicants are included in this subpart.
>
> Second, 49 C.F.R. §383.111 sets forth and explains 20 areas in
> which commercial motor vehicle operators are required to have
> specified knowledge to obtain a commercial driver's license.
> These areas include safe operations regulations, speed
> management, extreme driving conditions, hazard perceptions,
> and emergency maneuvers.
>
> Third, 49 C.F.R. §383.113 enumerates the skills a commercial
> motor vehicle operator must possess to obtain a commercial
> driver's license. These skills include identifying safety-related
> vehicle parts, like the engine compartment and brakes;
> inspecting and operating air brakes; and safely driving the
> vehicle by, for example, possessing the (5) ability to position the
> motor vehicle to negotiate safely and then make left, or right
> turns, and (8) ability to observe the road or behavior of other
> motor vehicles, particularly before changing speed or direction.

*Dakter v. Cavallino*, 2015 WI 67, ¶¶74-77, 363 Wis. 2d 738, 766-67, 866 N.W.2d
656, 669-70 (internal citations omitted).

20.    Yet despite the higher standard of care, Defendants Travis Edward Baker, CDI

Deliveries, LLC, its successors and assigns, ABC Company, Linn Star Transfer d/b/a

6

Midwest Advantage Transfer, Inc. collectively violated the following which include, but are not limited to:

(a)   49 C.F.R.§383.111 – Required Knowledge;
(b)   49 C.F.R.§390.3 – General Applicability;
(c)   49 C.F.R.§396.7 – Unsafe Operations Forbidden;
(d)   Wis. Stat. §346.89 – Inattentive Driving;
(e)   Wis. Stat. §346.34(1)3 – Turning .
(f)   Wis. Stat. §346.18(2) – Fail/Yield while Making Left Turn

21.   The collision was preventable by Defendant Travis Edward Baker.

22.   The negligence of Defendant Travis Edward Baker, while driving a commercial vehicle as an agent and/or employee for Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. was a substantial factor in producing the injuries and damages which the Plaintiff Kim LeBard-Rankila has sustained in the November 20, 2018 motor vehicle collision.

## COUNT ONE
**Negligence as to Defendants Travis Edward Baker, CDI Deliveries, LLC, its successors and assigns, ABC Company, and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc.**

23.   Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

24.   Under the tort doctrine of respondeat superior, an employer, principal and successor can be held vicariously liable for the negligent acts of its agents and/or employees which they are acting within the scope of their agency and employment. *Kerl v. Dennis Rasmussen, Inc.*, 2004 WI 86, ¶¶ 17, 23, 273 Wis. 2d 106, 117, 120-21, 682 N.W.2d 328, 333-34, 335.

7

25.    As referenced in paragraph *supra*, Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company, Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc., and its drivers like Defendant Travis Edward Baker have a heightened duty of care.

26.    Defendant Travis Edward Baker breached that duty.

27.    Defendant Travis Edward Baker's actions were reckless and wanton and entitle Plaintiff to punitive damages.

28.    Defendant CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. are liable for the acts of Defendant Travis Edward Baker at the time and location of the collision under theories of respondeat superior, agency, and vicarious liability and successor liability.

29.    As a direct and proximate cause of the negligence of Defendant Travis Edward Baker, the Plaintiff Kim LeBard-Rankila has suffered past and future pain, suffering, disability, medical expenses, and loss of earning capacity.

30.    All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Travis Edward Baker and were incurred without contributory negligence on the part of Plaintiff, or an opportunity for the Plaintiff Kim LeBard-Rankila to avoid the collision.

## COUNT TWO
**Negligent Entrustment as to Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc.**

31.    Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

8

32.     The elements of a negligent entrustment claim in Wisconsin are:

    (a)     an entruster initially in control of the vehicle;

    (b)     an entruster who permitted – directly or through a third person – the entrustee to operate the vehicle; and

    (c)     at the time the entruster permitted the entrustee to operate the vehicle, the entruster knew, or with reasonable car should have known, that the entrustee was likely, because of lack of capacity or youth or inexperience or another factor, to use the vehicle in a manner creating an unreasonable risk of harm to the plaintiff, others, or their property.

See *Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 668-69, 510 N.W.2d 715, 718 (Ct. App. 1993); *see also* Wis. JI-Civil 1014

## COUNT THREE
**Negligent Retention, Training & Supervision as to Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc.**

33.     Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

34.     The elements of a negligent training or supervision claim in Wisconsin are:

    (a)     the employer owned the plaintiff a duty of care;

    (b)     the employer breached the duty of care during training or supervision of the employee;

    (c)     the employee's act or omission caused the plaintiff's injuries; and

    (d)     the employer's act or omission caused the employee's act or omission.

See *Doe 67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶43, 284 Wis. 2d 307, 332-33, 700 N.W.2d 180, 192.

35.     Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. have a duty to use reasonable care to select, retain, train and supervise only employees who are competent and fit to perform the duties required as an employee.

9

36.     Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. knew or should have known that Defendant Travis Edward Baker would be likely to operate a motor vehicle in a negligent and reckless manner.

37.     Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. knew or should have known that Defendant Travis Edward Baker was not competent or fit for the duties required of him as an employee. Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc. breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

38.     As a result of Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc.'s negligence in hiring and retaining Defendant Travis Edward Baker, Plaintiff Kim LeBard-Rankila was injured a previously alleged in this complaint.

39.     Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company and Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc.'s actions were reckless and wanton and the Defendants otherwise acted maliciously, and/or with intentional disregard of the rights of the Plaintiffs herein; said conduct being sufficiently egregious to justify the consideration and recovery of punitive damages as an appropriate sanction and entitle Plaintiff Kim LeBard-Rankila to punitive damages.

WHEREFORE, the Plaintiffs Kim Marie LeBard-Rankila and Steven Rankila demand trial by jury of twelve and judgment as follows:

10

(a)     for an award of compensatory damages against Defendants CDI Deliveries, LLC, its successors and assigns, ABC Company, Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc., XYZ Insurance Company, Travis Edward Baker and Vanliner Insurance Company in favor of Plaintiffs Kim LeBard-Rankila and Steven Rankila in an amount to be determined at trial;

(b)     for an award of punitive damages against Defendant CDI Deliveries, LLC, its successors and assigns, ABC Company, Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc., XYZ Insurance Company, Travis Edward Baker and Vanliner Insurance Company in favor of Plaintiffs Kim LeBard-Rankila and Steven Rankila in an amount to be determined at trial;

(c)     for an award of costs and fees against Defendant CDI Deliveries, LLC, its successors and assigns, ABC Company, Linn Star Transfer d/b/a Midwest Advantage Transfer, Inc., XYZ Insurance Company, Travis Edward Baker and Vanliner Insurance Company in favor of Plaintiffs Kim LeBard-Rankila and Steven Rankila in an amount to be determined at trial; and

(d)     any other relief that this Court deems just and proper.

Dated this _10_ day of November 2021.

MARCOVICH, COCHRANE, MILLIKEN, SWANSON & KROPID, LLP.
Attorneys for the Plaintiffs

DENNIS COCHRANE -- WI State Bar #1011118
1214 Belknap Street
Superior, Wisconsin 54880
(715) 394-6624
denniscochrane@superiorlawyers.org

11

**FILED**
**11-16-2021**
**Clerk of Court**
**Douglas County, WI**
2020CV000246

STATE OF WISCONSIN          CIRCUIT COURT          DOUGLAS COUNTY

KIM MARIE LEBARD-RANKILA AND
STEVEN RANKILA

Plaintiffs

v.                                                        CASE NO. 2020-CV-000246

Case Code: 30101

TRAVIS EDWARD BAKER,
LINN STAR TRANSFER
d/b/a MIDWEST ADVANTAGE
TRANSFER, INC.,
CDI DELIVERIES, LLC,
ABC COMPANY,
VANLINER INSURANCE COMPANY, And
XYZ INSURANCE COMPANY
Defendants

## NOTICE OF APPEARANCE

TO:     Douglas County Clerk of Circuit Court

PLEASE TAKE NOTICE that Matthew C. Lein of Lein Law Offices has also been retained to represent the Plaintiffs in the above captioned matters.

Dated: November 16, 2021

*Electronically signed Matthew C. Lein*
**Lein Law Offices, LLP**
Matthew C. Lein
Attorney I.D. #1084028
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone: (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com